No. 50.—WILEY B HORTON and another, propounders, &c. plaintiffs in error, *vs.* ALEXANDER JOHNSON AND WIFE, defendants in error.

[1.] Will, subscribed in the presence of the testator, by two witnesses, each for himself, and one of them for a third person, all being present at the same time: *Held*, that it is an insufficient attestation, under the Statute of Frauds. The third witness, who could not write, should have made his mark.

Probate of will, in Stewart Superior Court. Tried before Judge WORRELL, April Term, 1855.

A single question was made in this case. Jesse G. Meadows, one of the witnesses to the will, not being able to write his name, another of the witnesses wrote it for him and at his request. He was about to make his mark, when testator said it was unnecessary, if the witness was present, saw it done and assented to it.

On these facts, the Court below refused probate to the will. This decision is assigned as error.

TUCKER & BEALL, for plaintiff in error.

B. S. WORRILL and JAS. JOHNSON, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In the matter of Horton's will, we think the Court was right in refusing to allow the same to go to probate. Two of the witnesses only subscribed the paper. True, the name of the third was written under the attestation clause, by one of the two who did subscribe. But this will not suffice.

The Statute of Frauds requires, that all devises and bequests of lands and tenements, shall be in writing, and signed by the party so devising the same, or by some other person, in his presence and by his express directions; and shall be attested and subscribed, in the presence of the said devisor, by three or four credible witnesses, or else they shall be utterly void and of none effect. (*Cobb's Digest*, 1128.)

Thus, it will be seen, that while the name of the *testator* may be signed by a third person, provided it be done in his presence and by his express directions, no such indulgence is extended to the subscription by the witnesses. And the maxim, that the mention of one thing is the exclusion of all others, applies.

Again, we find decisions which go to the extent of permitting a witness to subscribe by his mark; but none going beyond that, and embracing the present case. (1 *Greenlf. Ev.* §272, and authorities there cited.)

On the other hand, we have one case from the Prerogative Court of England, directly in point, against the sufficiency of the execution. (*In re White, Prerogative Court, Nov.* 2, 1843, 7 *Jurist, page* 1045.) The will, in this case, was written for the deceased, by a Mr. Culverhouse, and was signed by the deceased in the presence of Mr. and Mrs. Culver-

house, both being present at the same time. Mr. Culverhouse, then, subscribed his name, as witness, to such execution, in the presence of the testator and of his own wife; and also, in the like presence, subscribed the name of his wife as the second witness.

Dr. Haygard moved for probate; and submitted, that the rule "*qui facit per alium, facit per se,*" applied.

Sir *H. Turner Prest*—"It is impossible to grant probate of this paper. Why did not Mrs. Culverhouse make her mark to the will? Motion rejected."

Putting the case, then, upon the express terms of the Statute of Frauds, and not intending to apply the doctrine to other instruments, we affirm the judgment of the Court below; and we do not regret it. In nine cases out of ten—perhaps, in ninety-nine out of a hundred—the Statute of Distributions makes a better disposition of property than the testator. The making unnatural wills, for old and superannuated people, has got to be just as much a trade as selling subjects to the dissecting surgeons in cities; and is becoming, we regret to say, the fruitful source of the bitterest family feuds among our people. We speak not of Mr. Horton's will, for we know not its contents. We do know, however, from the testimony, that he was between 70 and 80 years of age when he made his will; and that it is a grand-child, the lineal descendant from his loins, and who represents a deceased parent, that is resisting its probate and execution.