---

## In re STRONG'S WILL.

### (Surrogate's Court, Westchester County. June, 1891.)

WILLS—ATTESTATION—SIGNATURE OF WITNESS.

   Under 4 Rev. St. N. Y. (8th. Ed.) p. 2547, § 40, subd. 4, which provides that to every will "there shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will," one witness may sign the name of the other witness at the request of such other, who is at the time incapacitated from writing.

Proceeding by Edward Strong, as executor, for the probate of a paper purporting to be the last will of Eliza Strong, deceased. The alleged will was duly signed and acknowledged by testatrix in the presence of Darius A. Secor and Sarah Secor, his wife, both of whom testatrix then requested to sign the will as witnesses. Mr. Secor, in the presence of testatrix, signed his own name, and, at the request of Mrs. Secor, who was incapacitated from writing by reason of a felon on her right hand, signed her name also. After the death of testatrix Mrs. Secor caused her name as written by her husband to be erased, and she then signed her name in place thereof.

*John F. Lambden,* for contestant.   *A. R. Dyett,* for executor.

COFFIN, S. The question as to whether the alleged will was sufficiently executed according to the requirements of our statutes on the subject, inasmuch as the names of both witnesses were written solely by one of them, is alone presented for adjudication. In this respect it will be seen that, while the statute requires that the will shall be "subscribed" by the testator at the end of the will, it also provides that "there shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will at the request of the testator."[1] Thus there is a change from the word "subscribed," as applied to the act of the testator, to the words "sign his name," as applied to the act required of the witnesses. Whether it was intended by the legislature to treat the words "subscribe" and "sign" as synonymous is fairly open to question. If it did not so intend, why did it not use the same word in each instance? The word "subscribe," according to the best lexicographers, is to write underneath, while "sign" is defined to affix a signature to. And it was held in the English courts that the word "sign," as used in the statute of frauds, was sufficiently complied with if the party wrote his name on the paper in any place, so that if even he commenced by writing, "I, John Jones," and wrote his name in no other place, it was held a sufficient signing within the statute; but the word "subscribe" clearly means a writing at the end or foot. And, while they have given a very liberal, if not loose,

---

[1] 4 Rev. St. N. Y. (8th Ed.) p. 2547, § 40, subd. 4.

construction of the word "sign," in so far as the statute of frauds affecting contracts was concerned, yet in the case of wills, where the witnesses are required to subscribe as such, they exacted some physical act to be done by the witnesses, either by writing their own names or making their marks. *Moore* v. *King*, 3 Curt. Ecc. 243; 1 Jarm. Wills, (Rand. & T. Ed.) 215. But that statute expressly permitted the signature of the testator to a will to be made by some other person in his presence and by his direction. 1 Rev. Laws, p. 364, allowed the same thing. Under these statutes it was held that the signature of the testator or of the witnesses by making a mark was sufficient. *Baker* v. *Dening*, 8 Adol. & E. 94; *Jackson* v. *Van Dusen*, 5 Johns. 144. Many other and more recent cases establish the same principle. But the question still remains, is the name of one or each of the witnesses, written by another, a sufficient compliance with the requirement of the statute? In *Goods of John White*. 2 Notes Cas. Adm. & Ecc. 461, it appeared that a husband, a witness, signed not only his own name, but also that of his wife, the other witness. There was no evidence that the wife had, in fact, become a party to the subscription, and the execution was held to be insufficient. Here, however, the wife was present as a witness, and, because of her temporary disability to write her name, requested her husband to write it for her, which he did. All this occurred at the time of the execution of the will by the testatrix and in her presence, and although the latter did not also request the husband to write the wife's name, yet by her silence she sanctioned the act. Surrogate BRAD-FORD, eminent for learning and industry, seems to have inclined to the opinion that an attesting witness must take some physical part in the act of signing, in order to a compliance with the statutory requirement of signing his name. *Campbell* v. *Logan*, 2 Bradf. Sur. 90–97; *Meehan* v. *Rourke*, Id. 385–392. This is probably in accord with the tenor of English decisions on the subject, with some few exceptions. But while the precise question has not, so far as known, been determined by the courts of this state, yet in some of our sister states a subscription by a witness in the manner it was done in this instance has been held sufficient. In Massachusetts, in the case of *Chase* v. *Kittredge*, 11 Allen, 49–59, GRAY, J., says: "A subscription of the name or mark of a witness by another person in the presence of himself and the testator might possibly be a literal compliance with the statute, but, not being in the handwriting of the witness, would create no presumption of a lawful execution and attestation, without affirmative evidence that it was so made." Here we have such affirmative evidence. See, also, *Horton* v. *Johnson*, 18 Ga. 396. In *Upchurch* v. *Upchurch*, 16 B. Mon. 102, and in *Jesse* v. *Parker*, 6 Grat. 57, it was expressly held that such a signing of the witness' name as occurred in this instance was a sufficient execution under a similar statute. In the latter case we have presented the singular fact of a will being sustained where the body of the will, the name of the testator, and of the three witnesses required in that state, were all in the handwriting of one person. As was well said in that case: "Where the attestation is by mark, the validity of such an attestation does not depend upon the fact of the witness making his mark, or doing some manual act in connection with the signature, but upon the signing of the name of the witness by his authority." The maxim, *qui facit per alium facit per se*, has, doubtless, its limitations; but it is difficult to discover why it is not applicable here. The frauds in the execution of wills which the statute was designed to guard against will in no way be facilitated by the sanctioning of this mode of execution. Still, where we consider that the art of writing is so common that there can be little trouble in finding witnesses who can write their names, it is desirable that wills should be witnessed by such persons, especially in view of the fact that should they make their mark, or sign by the hand of another, and they should predecease the testator, there would be no possibility of proving their handwriting, and then the will could not be admitted to probate, unless other persons should

chance to be present who could testify to the facts; for the statute provides· that, in case the witnesses be dead, the will may be established by proof of the handwriting of the testator and of the subscribing witnesses. Code, § 2620. At first my impression was that the execution of this will was insufficient, but a further examination of authorities and subsequent reflection have lead to a different conclusion. It is therefore held to be a valid will, in so far as its execution is concerned.