---

In re ABERCROMBIE'S WILL.

(Supreme Court, Appellate Division, Fourth Department.   December 18, 1897.)

WILLS—EXECUTION—FORMALITY OF PUBLICATION.

  2 Rev. St. p. 63, § 40, provides that the subscription of a will "shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses." *Held* that, although the statute was enacted to prevent frauds, and although there was no fraud in the case, it was not a sufficient execution of a will, where testator did not sign it in the presence of the attesting witnesses, and neither of such witnesses saw the signature, but testator merely declared to both of them that the instrument was his last will, and stated, according to one of the witnesses, that he had signed it.

Appeal from surrogate's court, Monroe county.

The alleged will of Elizabeth J. Abercrombie, deceased, was admitted to probate, and certain persons appeal.   Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

A. Frank Jenks, for appellants.

H. G. Pierce, for respondent.

ADAMS, J.   The question presented by this appeal relates to the sufficiency of the execution of the instrument presented for probate, and more especially to the formality of its publication.   There is little or no controversy as to the facts, but it appears that, while the decedent had undoubtedly subscribed the paper purporting to be her will, she did not do so in the presence of either of the attesting witnesses.   Both of these witnesses testify that the decedent declared the paper to be her last will, and one of them also states that she said she had signed it; but neither of them claims, nor is it pretended, that the signature was ever seen by them.   Upon this state of facts the surrogate found that the instrument in question was the last will and testament of the deceased, and that as such it was entitled to be admitted to probate.   In this conclusion we are unable to concur, for reasons which will be stated with as much brevity as possible, inasmuch as the question to be considered can hardly be regarded as an open one in view of the authorities to which reference will be made later on.   It is a statutory require-

ment that every last will and testament of real and personal prop-- erty shall be subscribed by the testator at the end thereof; and that "such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made, to each of the attesting witnesses." 2 Rev. St. p. 63, § 40. This statute was enacted to guard against fraudu- lent interference with the wills of deceased persons; and, although there is an absence of any element of fraud in this case, we must nevertheless be governed in the disposition to be made of it by the provisions of the statute above quoted, which are intended for gen- eral, and not special, application. Sisters of Charity v. Kelly, 67 N. Y. 409–416; In re O'Neil, 91 N. Y. 520; In re Whitney's Will, 153 N. Y. 259, 47 N. E. 272. It has been held, it is true, that a substan- tial compliance with the statute prescribing formalities to be ob- served in the execution of wills is sufficient, as, where the words of request or acknowledgment proceed from a third party, but in the presence of the testator, and under circumstances tending to show that they were adopted by him (Gilbert v. Knox, 52 N. Y. 125; In re Voorhis' Will, 125 N. Y. 765, 26 N. E. 935); or where, as in the present case, the name of one of the attesting witnesses was signed by his co-witness (In re Strong's Will [Surr.] 16 N. Y. Supp. 104). But this rule will not aid the respondent's contention, because it can hardly be claimed, in the circumstances of this case, that the instrument in question was executed in substantial compliance with the provisions of the statute. As we have seen, it was not signed in the presence of the attesting witnesses, nor did either of them ever see the signature, if there was one; and but one of them is able to state that the deceased in any manner acknowledged having at- tached her name to the paper. Now, it is the subscription, and not the instrument, which the statute requires to be acknowledged; and a signature which is neither seen nor identified can in no proper sense be said to have been acknowledged by the mere statement that it had been affixed to a paper which was characterized as a will. Holt v. Genge, 3 Curt. Ecc. 160; Chaffee v. Society, 10 Paige, 85; Lewis v. Lewis, 11 N. Y. 220; Mitchell v. Mitchell, 16 Hun, 97, affirmed 77 N. Y. 596; In re Mackay's Will, 110 N. Y. 611, 18 N. E. 433; In re Laudy's Will, 148 N. Y. 403, 42 N. E. 1061. In the case last cited there was thought to be a conflict of evidence respecting the sub- scription of the decedent's name to the instrument in question, and the issue of fact thereby presented was ordered tried before a jury. Upon the trial which was subsequently had one of the attesting witnesses did not claim to have seen the signature of the decedent, but the other testified that, while the instrument was evidently so folded as to prevent his seeing what was written, he had, by reason of the accidental raising of the edge of the fold, observed some writ- ing which he could not read where the decedent's signature was said to have been written. It further appeared that the decedent had in fact signed the instrument, and the evidence was sufficient to war- rant the inference that she declared to the witnesses that she had subscribed the same. The jury found that the subscription of the deceased was acknowledged by her to each of the witnesses, and the

trial court adopted their verdict; but upon appeal it was held by the appellate division in the First department that the evidence was insufficient to sustain the finding that there had been a proper acknowledgment within the statute, and a new trial was granted. In re Laudy's Will, 14 App. Div. 160, 43 N. Y. Supp. 689. We think the evidence of acknowledgment in the case cited was quite as favorable to the proponents as is that in the present case, and, if it was insufficient to answer the requirements of the statute, we do not see how the conclusion of the learned surrogate in this case can be sustained. The decree of the surrogate should be reversed, and a rehearing had, with costs to abide the event.

Decree of the surrogate's court reversed, and a rehearing ordered, with costs of this appeal to the appellant, payable out of the estate, to abide the event. All concur.