## In re TAYLOR'S ESTATE.

### ROSS, Respondent, v. TAYLOR, Appellant.

### (165 N. W. 1079.)

(File No. 4183.　Opinion filed December 31, 1917.　Rehearing denied February 14, 1918.)

1. **Wills—Execution of Wills—Statutory Requirements, Mandatory Effect—Interpretation Re Intention of Testator, Nonapplicable to its Execution.**

    A will must be executed in accordance with the statutory requirements or its is entirely void. Courts cannot supply defects, nor can they hold statutory requirements to be mere waivable formalities; and the rule that the intention must govern, applicable to interpretation, does not apply to its execution.

2. **Same—Declaration that Instrument is "Will"—Statutory Provision Construed—Declaration, To Whom Made, How Signified.**

    Under Civ. Code, Sec. 1006, providing in part that in execution and attestation of a will, testator must, at time of subscribing or acknowledging same, declare to attesting witnesses that "the Instrument is his will" held, that there must be some declaration by testator that the instrument is his will; which declaration must be made to each of the witnesses, though it

need not be by word, but can be by any act or sign by which such communication can fairly be made.

**3. Same—Execution of—Burden of Proof.**

The burden of proving the execution of a ·will is on the proponent.

**4. Same—Execution of—Witnesses' Subscription to Attestation Certificate, Presumption From, Of Compliance With Statute—Presumption, How Overcome.**

When, in proving execution of a will, it is shown that testator signed it, and that the persons whose names appear as subscribing witnesses signed certificates of attestation setting forth full compliance with the statutory provisions, including fact of publication to witnesses, a strong presumption arises therefrom that every statutory requisite was complied with; which presumption needs no support of an affirmative memory of either subscribing witness; and in order to defeat the will such presumption must· be overcome by clear and satisfactory evidence.

**5. Same—Attestation Clause, Not Read by or to Witness, Effect.**

. When an attestation clause is not read by or to a· subscribing witness, the recitations in such clause are. without weight.

**3. Same—Subscribing Witnesses' Memory—Unintroduced Stranger to Testatrix—Ignorance of Instrument—Facts, Unwarrantable Inferences of by Court.**

Where, fifteen years after execution of an instrument, one subscribing witness testified he had no recollection of the occasion when he signed the paper or of what transpired, the other, being a stranger to all present except the person who called him and to the other subscribing witness, testified positively he was not introduced to testatrix, that neither spoke to the other; that he would not know she was Ida S. Taylor were it not for her name on the instrument; that he did not read the certificate of attestation, nor was told by the party calling him what kind of paper it was; there being nothing in the record even slightly impeaching his 'veracity, held, that the .testimony of said stranger witness takes away all the force the statute would otherwise give under his certificate of attestation; that while the court is at liberty to draw all inferences logically and naturally following from proven facts, it cannot infer facts not proven; and, no single fact or circumstance being proven from which court could infer this witness was mistaken and that, in some manner there was published to him the fact that the instrument he was subscribing was a will, and none such as would permit inference that testatrix in any manner by herself or any other person, published to this witness the fact that she. knew the

instrument to purport to be her will, and it not appearing that she or the party who called said witness was a person who might be presumed to know what the statute required, and there being no proof that the instrument was ever in testatrix's possession thereafter, the instrument was not entitled to probate as a will.

**7.   Same—Execution of—Statute, Purpose of, Re Understanding Nature of Instrument.**

The purpose of Civ. Code, Sec. 1006, relating to the execution and attestation of wills, is to require proof, not only that testator executes the writing, but, what is even far more important, that he understands the nature of the same.

Appeal from Circuit Court, Day County.   Hon. THOMAS L. BOUCK, Judge.

In the matter of the estate of Ida S. Taylor, deceased.   The alleged will of deceased having been denied probate by the County Court, upon appeal to the Circuit Court the judgment of the County Court was reversed, and the writing admitted to probate. From such judgment of the Circuit Court, contestant Royce G. Taylor, appeals.   Reversed.

*Anderson & Waddell,* for Appellant.

*Frank McNulty,* for Respondent.

(1)   To point one of the opinion, Appellant cited:

Estate of Walker, deceased, (Cal.) 30 L. R. A. 460; Waite v. Frisbie, 45 Minn. 47 N. W. 1069.

(4)   To point four of the opinion, Appellant cited:

Connery v. Connery (Mich.) 132 N. W. 448;

Respondent cited:

Hennes v. Huston, 81 Minn. 26, 83 N. W. 439; Mead v. Presbyterian Church, 229 Ill. 526, 82 N. E. 371, 14 L. R. A. (N. S.) 255; Thompson v. Owen, 174 Ill. 229, 51 N. E. 1046, 45 L. R. A. 682; In re Kohley, 200 Ill. 189, 65 N. E. 699; In Riordan v. O'Hagen, 40 N. W. (Wis.) 649; Re Alpaugh, 23 N. J. Eq. 507; In re Gillmor's Will, 117 Wis. 302, 94 N. W. 32.

(6)   To point six of the opinion, Appellant cited:

In re Ludwig's Estate, (Minn.) 81 N. W. 758; In re Noyes' Estate, 105 Pac. 1013; Re Cary 51 L. R. A. (N. S.) Notes 945-946.

Respondent cited:

Harris v. Martin, 64 S. E. (N. C.) 126, 21 L. R. A. (N. S.) 531 and note.

WHITING, J.   The county court of Day county denied probate to a writing purporting to be the will of one Ida S. Taylor.   Upon appeal to the circuit court the judgment of the county court was reversed, and the writing admitted to probate. From such judgment of the circuit court this appeal was taken. .

Probate of this writing was contested on the ground:

"That it was never properly executed or attested by decedent, in the manner provided by law. * * * "

This writing was executed at Bristol, in this state, and section 1006, C. C., provides, among other things, that:

"Every will, * * * other than an olographic will and a nuncupative will, must be executed and attested as follows: * * *

"3.   The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witness that the instrument is his will. * * * "

There are certain propositions which we deem so well settled as to be without dispute:

[1]   A will must be executed in accordance with the statutory requirements or it is entirely void.   Courts cannot supply defects, nor can they hold statutory requirements to be mere formalties which may be waived.   The rule that the intention must govern, which rule applies to the interpretation of wills, does not apply to their execution.   40 Cyc. 1097; Thompson on Wills, § 440; Schouler on Wills, etc., § 257; In re Walker, 110 Cal. 387, 42 Pac. 815, 30 L. R. A. 460, 52 Am. St. Rep. 104; In re Hitchler's Will, 25 Misc. Rep. 365, 55 N. Y. Supp. 642; In re Arneson's Will, 128 Wis. 112, 107 N. W. 21; In re Abercrombie's Will, 24 App. Div. 407, 48 N. Y. Supp. 414; In re Noyes' Estate, 40 Mont. 178, 105 Pac. 1013.

[2]   Where publication or declaration by the testator that the "instrument is his will" is required by statute, there must be some declaration by the testator that the instrument is his will, which declaration must be made to each of the witnesses, though the declaration need not be by word, but can be by any act or sign by which such communication can fairly be made.   40 Cyc. 1117; Schouler on Wills, etc., § 326; Thompson on Wills, § 445;

Remsen v. Brinckerhoff, 26 Wend. (N. Y.) 325, 37 Am. Dec. 251.

[3] . The burden of proving due execution of the will is on the proponent. 40 Cyc. 1272; In re Arneson's Will, supra; in re Hitchler's Will, supra.

[4] When (as in this case) it is proven that the testator signed the instrument, and that the persons whose names appear as subscribing witnesses signed the usual certificate of attestation setting forth in detail a full compliance with the several statutory provisions in relation to execution, including the fact of publication to such witnesses, there arises a strong presumption that every one of such statutory requisites were complied with. Such presumption does not need the support of the affirmative memory of either subscribing witness; and, in order to defeat the will, such presumption must be overcome by clear and satisfactory evidence. In re Grant's Will, 149 Wis. 330, 135 N. W. 833; In re Sears' Estate, 33 Misc. Rep. 141, 68 N. Y. Supp. 363; Mundy v. Mundy, 15 N. J. Eq. 290.

[5] When an attestation clause is not read by or to a subscribing witness, the recitations in such clause are without weight. In re Hitchler's Will, supra; Remsen v. Brinckerhoff, supra; In re Nash's Will, 76 App. Div. 212, 78 N. Y. Supp. 449.

[6, 7] . The writing offered was executed in the year 1900. The trial was had 15 years after. The subscribing witness testified. One had absolutely no recollection of the occasion when he signed the paper or of what transpired. The other admitted that his memory was hazy as to some things that occurred at the time he signed this writing; but he appears to have had a definite recollection of the fact that he did sign as a witness and in relation to the circumstances that brought him to the place where he signed, the nature of the place, the person who called him to be a witness, the other persons present, etc. He was a stranger at Bristol and a stranger to all present except the person who called him and to the other subscribing witness. He testified positively that he was not introduced to testatrix; that she did not speak to him nor he to her; that he would not know she was Ida S. Taylor were it not for her name on the will; that he did not read the certificate of attestation; and that the party who called him to witness the writing did not tell him what kind of a paper it was. This witness does not appear to be in any manner inter-

ested in the outcome of this case, and there is nothing in the record that in the slightest inpeaches his veracity. By being called to subscribe such writing he was held forth as one worthy to bear witness as to what occurred in his presence and hearing. It is a duty imposed upon a testator by the laws of this state to see that his witnesses are advised that they are not mere witnesses to his signature, but that the instrument he executes is his will. The testimony of this witness takes away all the force the law would otherwise give to his certificate of attestation; and while a court is at liberty to draw all the inferences which logically and naturally follow from proven facts, it cannot infer facts not proven. Investment Co. v. Clarson, 21 S. D. 72, 109 N. W. 507. Not a single surrounding or accompanying fact or circumstance was proven from which we could infer that this witness was mistaken, and that, in some manner, there was published to this witness the fact that the instrument he was subscribing as a witness was a will; and there was certainly no such fact or circumstance proven as would permit us to infer that Mrs. Taylor, in any manner by the word or act of herself or any other person, published to this witness the all important fact that she knew the instrument to purport to be her will. The purpose of this statutory provision is clear; it is to require proof, not only that a testator executes the writing, but, what is even far more important, *that he understands the nature of the same.*

Our attention has been called to numerous cases where wills have been admitted to probate regardless of the fact that one or more of the subscribing witnesses have sworn to facts impeaching the certificate of attestation. But an examination of such cases reveals that in every one there were some facts or circumstances tending to impeach the memory or veracity of such witness or witnesses. In some cases the subscribing witnesses were very old when called to testify. In others the executing and witnessing of the writing was under the direction and charge of some well qualified attorney, or the testator was himself a party who would be presumed to know, and therefore to comply with, the statutory requirements. In others, as in Re Grant's Will, supra, there were facts, having no connection with what actually occurred at the time of the execution of the will, which were considered by the court in sustaining the will. Had

this subscribing witness admitted that he was in the slightest doubt in relation to the lack of publication by Mrs. Taylor, so that we had anything from which to infer that he had forgotten what actually occurred, we would affirm the judgment of the circuit court. But such is not this case. It does not appear that Mrs. Taylor or the party who called the witnesses was a person who might be presumed to know what the statute required. There is nothing to show that this instrument was ever in the possession of Mrs. Taylor after she executed it, and that she was intentionally preserving it—a fact from which we might infer that she knew its nature and intended it to operate as a will. In fact there is not a single circumstance upon which we can lay hold to justify us in concluding that Mrs. Taylor knew, and published to both of these subscribing witnesses, that the instrument purported to be and was intended to operate as her will. In an extensive note found in L. R. A. 1916C, 1219-1245, a vast number of decisions will be found reviewed. A study of same will reveal the correctness of our conclusions.

The judgment appealed from is reversed.