KITTLESON ESTATE, et al. v. KITTLESON, et al.

(173 N. W. 161).

(File No. 4503. Opinion filed June 24, 1919).

1. **Wills—Testator's Non-knowledge of Paper as Will, Effect.**

   Where there is no evidence tending to show that testator, when he signed the paper, by word, sign or gesture, stated, or in any manner indicated to the witnesses that he knew or understood he had signed a will, or knew the contents of the paper he signed; its contents having been written by a witness at dictation of testator's son, it not appearing that he received instructions from his father concerning the matters to be put into the will, or that he communicated to his father the things he had instructed the witness to write into the will; held, the instrument was not a will.

2. **Wills—Attestation Clause Not Read by or to Witness, Effect.**

   Where the attestation clause to an alleged will was not read by or to one of the witnesses, the clause was without probative force or effect.

3. **Wills—Testator's Declaration to Witness, Necessity For.**

   Under the statute there must be some declaration by testator that the instrument is a will, which declaration must be made to each witness by word, act or sign; and it is testator's duty

to see that his witnesses are advised that they are not mere witnesses to his signature, but that the instrument he executes is his will; following Ross v. Taylor, S. D., 165 N. W. 1078. And where there is no evidence that testator knew he was signing a will, or had any knowledge of the contents of the instrument he signed, and a subscribing witness was unacquainted with decedent and could not speak or write the Norweigan language (that spoken by testator), and had no communication with him concerning the instrument he saw him sign, such instrument is not a will.

**4.    Wills—Non-declaration that Instrument is Will, Request that Witness Sign, Effect.**

Where statute specifically requires a declaration by testator to subscribing witness, either in language or by signs, or by other means, that the instrument he has executed is his will, held, that in absence of such declaration, a direct request that witness sign the instrument attesting its execution, is insufficient.

Appeal from Circuit Court, Aurora County. HON. FRANK B. SMITH, Judge.

In the matter of the Estate of Ole Kittleson, deceased. From an order and judgment denying probate of an alleged will, Holver Kittleson and others, proponents, and from an order denying a new trial, proponents appeal. Affirmed.

*O. C. Thompson,* and *T. J. Spangler,* for Appellants.

*L. L. Lawson,* and *J. E. Whiting,* for Respondents.

(1) To point one of the opinion, Appellants cited:

Spier v. Spier, 157 N. W. 1014; Rose v. Taylor, (S. D.) 165 N. W. 1079.

(2) To point two, Respondents cited:

Ross v. Taylor, (S. D.) 165 N. W., 1080.

(3) To point three, Appellants cited:

S. R. 93-8, L. R. A. 822, Note 825-114 Ans. St. Ref. 209-239.

(4) To point four, Appellants cited:

Edwardson v. Gerwein et al., (N. D.) 171 N. W. 101.

Respondents cited:

Sec. 1006, Civ. Code; In re Taylor Estate, 165 N. W., 1079.

SMITH, P. J. Appeal from an order denying probate of an alleged will and from an order denying motion for new trial. The trial court found that the testator, Ole Kittleson, at the time of his death, was aged and infirm and about 94 years of age;

was born in Norway and came to this country about 1861; that he was not able to read, write, or speak, or transact business in the English language; that on the 1st day of December, 1909, when he was about 90 years old, the deceased signed an instrument which, on the fact thereof, purported to be his last will and testament, and that by terms of said instrument six-elevenths of his property was willed to his own children, and five-elevenths thereof was willed to certain stepchildren who were not related to him, being children of his third wife by a former marriage; that the deceased, at the time of the making of said alleged will, did not publish or declare to the witnesses Cooney and Daigle, witnesses to the will, either in form or substance, that it was his last will and testament; that the witness Daigle went to the house of deceased at the request of Holver Kittleson, a son of the deceased; that after Daigle reached the house all the conversation between Ole Kittleson, deceased, and every other person was in the Norwegian language, and no part thereof was understood by the said Daigle; and that said Daigle signed the will at the request of Cooney, the person who drew said will.

[1, 2] In the entire record there is not a scintilla of evidence tending to show that the testator, when he signed the paper, by word, sign, or gesture, stated, or in any manner indicated to the witness Daigle, that he, the testator, knew or understood that he had *signed a will,* or knew the contents of the paper he signed. The witness Cooney, who drew the will, testified that he read the will in the hearing of the deceased Kittleson, but the evidence shows quite conclusively that Kittleson did not understand the English language, and could have obtained no knowledge of the contents of the writing from such reading. It is also clear that the witness Daigle was not present when the will was read, and did not know the contents of the instrument, though he understood it to be a will. It is undisputed also that the attestation clause to the will was not read by Daigle or in his hearing. The attestation, therefore, was without probative force or effect. Ross v. Taylor, 39 S. D. 608, 165 N. W. 1079. So far as the record discloses every word that was written in the will by Cooney was dictated by Holver Kittleson, the son, and he does not testify that he received instructions from his father concerning the matters to be put into the will, or even that he

communicated to his father the things he had instructed Cooney to write into the will.

[3]   This court in Ross v. Taylor, supra, held that:

"A will must be executed in accordance with the statutory requirements or it is entirely void.   Courts cannot supply defects, nor can they hold statutory requirements to be mere formalities which may be waived.   The rule that the intention must govern, which rule applies to the interpretation of wills, does not apply to their execution. * * * Where publication or declaration by the testator that the 'instrument is his will' is required by statute, there must be some declaration by the testator that the instrument is his will, which declaration must be made to each of the witnesses, though the declaration need not be by word, but can be by any act or sign by which such communication can fairly be made. * * * It is a duty imposed upon a testator by the laws of this state to see that his witnesses are advised that they are not mere witnesses to his signature, but that the instrument he executes *is his will.* * * * The purpose of this statutory provision is clear; it is to require proof, not only that a testator executes the writing, but, what is even far more important, that he understands the nature of the same."

In this case there is no evidence whatever, either by statement of the testator himself to the subscribing witness, or otherwise, that the testator knew he was signing a will, or had any knowledge of the contents of the instrument he signed.   The subscribing witness, Daigle, was not acquainted with and had never seen the decedent prior to that occasion; could not speak or write the Norwegian language, and had no communication with him concerning the instrument he saw him sign.

[4]   The statute specifically requires a declaration by the testator to the subscribing witnesses, in some form, either in language or by signs or other means, that the instrument he has executed *is his will.*   In the absence of such declaration, a direct request that the witness sign the instrument attesting its execution would be insufficient under the statute.

Finding no error in the record, the order and judgment of the trial court are affirmed.