BUTLER et al., Appellants, v. MOULTON, Respondent.

(175 N. W. 701.)

(File No. 4604.   Opinion filed January 5, 1920.   Rehearing denied February 14, 1920.)

**Wills—Signature on Second Blank Sheet, Pasted to first Sheet, Whether Signed "At End Thereof"—Pasting Sheets Together After Signing, Effect—Statute, Requirements Of.**

Under Sec. 1006, Subd. 1, Civ. Code 1903 (Sec. 613, Subd. 1, Code 1919), providing that every will must be subscribed "at the end thereof" by testator, etc, **held**, that where testratrix in preparing to have her will drawn by her attending physician,

directed him to a pad of small writing paper, which he pro-
cured, and upon which at her dictation he wrote the body of
the will, and at conclusion of the dictation the first sheet of
the pad was filled, and was turned over to expose second
sheet, then blank, and upon the fifth ruled line of second sheet,
testatrix signed her name, witnesses having signed a little
below and to left; and the physician detached the first sheet
and pasted it on the top of the second, so as to bring testatrix's
signature just below edge of first sheet and immediately below
the last disposing clause of the will, and handed the document
to testatrix who folded and put it into her hand-bag, which
was under her pillow, **held,** (testatrix's counsel on appeal
having conceded that the will thus arranged and admitted in
evidence, on its face disclosed compliance with the statutes,
it being virtually conceded that signing of the will in the man-
ner in which it appeared, if done after the two sheets of paper
had been pasted together would be in strict compliance with
statute) that the pasting together of the sheets after the sign-
ing and subscriptions did not invalidate the will; since had
the two sheets been pasted together before the signatures were
affixed, or had testatrix written her naem on the separate
sheet and asked witnesses to add their signatures thereto, and
had herself pasted the two together as was done, the subscrip-
tions would have been "at the end thereof;" the statute not
requiring testatrix's signature to be affixed at any particular
moment during time occupied in execution of will, nor that a
will shall be written on a single sheet of paper; and said
will was executed in a single transaction concluded when will
in its completed form was handed to testatrix and by her
folded, etc.; it was therefore subscribed in strict compliance
with statutes.  Re Taylor's Estate, 39 S. D. 608, not receded
from.

McCoy, J., concurring in result only.

Appeal from Circuit Court, Brown County.  Hon. FRANK
ANDERSON, Judge.

In the matter of contest of will of Prudence L. Ives.  The
will having been established by order and judgment of circuit
court, Arthur Butler and Cloyd Butler, contestants, appeal;
Flora Moulton, proponent and respondent.  Order and judg-
ment affirmed.

*Geo. H. Fletcher,* for Appellants.

*Crofoot & Ryan,* for Respondent.

Appellant cited:  Re Manchester, 1917 D., 629 L. R. A.
(N. S.); in re Taylor's Estate (S. D.), 165 N. W. 1070; Irwin
v. Jacques, 69 L. R. A. 433; in re Seaman, 80 Pac. 701 (Cal.);

in re Walker's Estate (Cal.), 30 L. R. A. 460; re Conway (N. Y.), 11 L. R. A. 796; in re Whitney, 47 N. E. 278; Alexander, Commentaries on Wills, vol. 1, sec. 420.

Respondent cited: In the mater, etc., of Gillman, 38 Barb. 364; in re Blake's Estate (Calif.), 68 Pac. 827; Mader v. Apple (Ohio), 23 L. R. A. (N. S.) 515; in re Swire (Pa.) 73 Atl. 110; in matter of Foley (N. Y.), 136 N. Y. S. 933; in re Stinson (Pa.), 77 Atl. 807, 30 L. R. A. (N. S.) 1173; Paige on Wills, sec. 161; Harp v. Parr (Ill.), 48 N. E. 133; in re Swaim's Will (N. Car.), Ann. Cas. 1915 A 1207; in re Dutcher's Estate (Calif.), 157 Pac. 242; in re Cogan's Will, 168 N. Y. Supp. 937.

SMITH, P. J.  Appeal from an order and judgment of the circuit court of Brown county, establishing the validity of the last will and testament of one Prudence L. Ives.

It is conceded that the execution of the will was in every respect legal and valid and in full compliance with the requirements of the statute, except that appellant contends the said will was not signed "at the end thereof," as required by section 1006, subd. 1, Civ. Code 1919), which provides that—

"Every will * * * must be subscribed at the end thereof by the testator himself, or some person, in his presence and by his direction, must subscribe his name thereto."

The record discloses the following facts attending the execution of the will.  Prudeence L. Ives, the textatrix, was an aged woman living, during the last few weeks of her life, in a comfortable room in the dwelling house situated upon the poor farm in Brown county.  From about November 17, 1917, until January 23, 1918, Dr. George E. Countryman was her attending physician.  On the latter date, while making a professional call, she asked him if he could make a will for her.  He said he thought he could.  She told him there was a pad of small writing paper on the bureau, which he procured.  He wrote on this pad as she dictated, sentence after sentence.  At the conclusion of her dictation the first sheet of the pad was filled, and was turned over to expose the second sheet, which was then blank.  On the fifth ruled line of the sheet the testatrix signed her name.  To the left of her signature, and on lines a little below, Dr. Countryman and Mrs. Charles Osborne signed

as witnesses.  Immediately thereafter Dr. Countryman detached the first sheet, and, with paste or mucilage furnished by Mrs. Ives, pasted the first sheet on to the top of the second sheet, so as to bring the signature of the testatrix just below the lower edge of the first sheet, and immediately below the last disposing clause of the will.  When thus completed Dr. Countryman handed the will to Mrs. Ives, who took it, folded it up, and put it in her handbag, which was under her pillow.  These are the only facts in the record which we deem pertinent to the specific question presented upon this appeal.  Appellant's contention is that—

"We must not take the will as we find it introduced in evidence in this case, but we must consider the manner in which this signature was attached to the will as disclosed by the undisputed evidence."

Appellant's counsel, therefore, seem to concede that the will, as introduced in evidence, on its face disclosed a compliance with the statute requiring that the testator and witnesses subscribe the will "at the end thereof.'  Appellant therefore concedes, as we think he must, that the signing of the will in the identical manner in which it appeared, if done after the two sheets of paper had been pasted together, would be a strict compliance with the statute.  His contention then is reduced to the single proposition that the pasting together of the two sheets after the testatrix and the subscribing witnesses had signed their names thereto would invalidate the will under the statute.  We cannot concur in this view.  Had the two sheets been pasted together before the testatrix and witnesses affixed their signatures, it would hardly be contended that such signatures were not subscribed "at the end thereof."  Had the testatrix written her name on the separate sheet, asked witnesses to add their signatures thereto, and herself had pasted the two sheets together so that all the signatures appeared at the end of the will, the effect would not be different.  The statute does not require that the testator's signature shall be affixed at any particular moment during the time occupied in the execution of the will, nor does it require that a will shall be written on a single sheet of paper.  In the case at bar the execution of the will constituted a single transaction, which was concluded when the

will in its completed form was handed to the testatrix and by her folded and placed in a suitable receptacle.

We hold that this will was subscribed at the end thereof, in strict compliance with the statute. We have no intention to recede from the rule laid down in Re Taylor's Estate, 39 S. D. 608, 165 N. W. 1079, as to statutory requirements in the execution of wills. A review of the numerous authorities cited by counsel would serve no useful purpose.

The order and judgment of the trial court are affirmed.

McCOY, J., concurs in the result only. I do not think a signature could be written on a blank sheet of paper and witnessed in due form, and a will at any time thereafter filled in over such signature. The language of this opinion would seem to permit such a situation. The signature of testator and subscribing witnesses must be affixed at the "end" of the will. That would of necessity presume that the will had been completed as a matter of fact before the "affixing" of the signatures thereto.