Probate decreed.

---

In the Matter of the Probate of a Paper Writing Purported to be the Last Will and Testament of M. ALICE F. PIERCE, Deceased.

(Surrogate's Court, Westchester County, November, 1920.)

**Wills — defective execution.**

> The law requires that the subscribing witnesses to a will shall see the signature of the testatrix, when they sign.
>
> An indorsement on the reverse side of a paper purporting to make testamentary dispositions of property, in the hand-writing of the alleged testatrix, to identify the character of the paper without unfolding it, is not a subscription, at the "end of the will."
>
> Where both of the subscribing witnesses testify that at no time did they see the signature of the testatrix; that they did not see her sign the paper and that she did not tell them that she had signed it, probate will be denied.

PROCEEDINGS upon the probate of a will.

Eben A. Wood, for proponent.

SLATER, S. The holograph paper writing offered for probate as the last will and testament of M. Alice F. Pierce is in script and consists of one sheet of paper. At the top of said sheet appears the words "The Will of M. Alice F. Pierce Jan. 11th 1919." Following these words are the provisions for the disposition of the testatrix's property and, directly after such dis-

Surrogate's Court, Westchester County, November, 1920. [Vol. 113.

position and at the bottom of the sheet of paper, appear the words:

Adile A. Horne

" Witnesses

Catherine C. Collier "

No signature of the testatrix appears upon the face of this sheet of paper, or at the end of the said writing, nor is any attestation clause to be found thereon. The only writing on the reverse side of said sheet of paper is the following statement:

" The Will of
" M. Alice F. Pierce
" Jan. 11th 1919 —"

The sheet of paper is about the size of ordinary business correspondence paper and has been folded once and the half sheet thus formed by such folding has again been folded three times, making it of a size to fit into an ordinary envelope. The writing above referred to as appearing on the reverse side of the sheet is written lengthwise across the middle of such folding of three folds. Section 21 of the Decedent Estate Law prescribes the manner of execution of wills. It states that every last will and testament of real and personal property shall be subscribed by the testator at the end of the will; that such subscription shall be made by the testator in the presence of the attesting witnesses, *or* shall be acknowledged by him to be so made to each of the attesting witnesses; that the testator at the time of making such subscription, *or* at the time of acknowledging the same shall declare the instrument so subscribed to be his last will and testament; that there shall be at least two witnesses who so signed at the end of the will at the request of the testator.

The surrogate, before admitting a will to probate, is required to inquire particularly into all the facts

and circumstances and he must be satisfied of the validity of its execution.

I am convinced that the words appearing on the reverse side of said paper writing is not the subscription of the testatrix to her will and, if in her handwriting, as it appears to be, is nothing more than an indorsement made to identify the character of the paper without unfolding the same.

A substantial compliance with the statute is sufficient, but this does not mean insufficient proof as to any of the four essential requirements. *Matter of Hunt,* 110 N. Y. 278; *Matter of Huber,* 181 App. Div. 635; *Matter of Dunn,* 184 id. 386. The signature of the decedent on the reverse side of the paper writing is not at the end of the will as required by section 21 of the Decedent Estate Law. *Hoysradt* v. *Kingman,* 22 N. Y. 372; *Matter of Conway,* 124 id. 455; *Matter of Andrews,* 162 id. 1; *Matter of Reisner,* 81 Misc. Rep. 101.

The two witnesses to the will have been examined by me and both have stated that at no time did they see the testatrix's signature to said paper writing, nor did they see her sign it, nor did she state to them that she had signed it. The testatrix, in executing said paper writing, also failed in this requirement of the statute. The law requires the visibility of the testator's signature. *Matter of Laudy,* 148 N. Y. 403; *Matter of Mackay,* 110 id. 611; *Matter of Abercrombie,* 24 App. Div. 407; *Matter of Keefe,* 155 id. 575; affd., 209 N. Y. 535.

Because of these failures to follow the requirements of the statute, the probate of said paper writing as the last will and testament of M. Alice F. Pierce must be denied.

Probate denied.