HAUER, et al., Appellants, v. HAUER, Respondent.

(184 N. W. 1.)

(File No. 4879. Opinion filed August 15, 1921. Rehearing granted October 19, 1921.)

1　Wills—Will Contest—Undue Influence, Fraud, Incapacity—Evidence Considered, Will Sustained.

Evidence concerning fraud, undue influence and incapacity to make a will, under contest thereof, on said grounds, considered and found insufficient, the evidence showing testatrix of sound and disposing mind and memory and that making of will was her free and voluntary act.

2.　Same—Execution of Will—Present Attesting Witnesses—Declaration of Testatrix Re Will—Testatrix Unable to Speak or Understand English, Will Read, Explained; by German Interpreter Witness, Affirmative Response in German, Nodding Assent, Witnesses Understandingly Attesting—Will Sustained—Statute.

Where testatrix, a German not understanding the English language, after having a prepared will read and interpreted to her by N, a subscribing witness, who spoke both German and English, he explaining to her the disposing parts of the will, what was in it and manner in which she was disposing of her property, she responding in German that it was according to her wishes, and nodded her assent thereto, thereupon signing and executing it in presence of both subscribing witnesses, who thereafter each attested the instrument, witness N. knowing contents thereof and that it was intended as her will and who heard what took place between testatrix and M, but who could not understand the German language; held, that what transpired satisfied provisions of Sec. 613, Code 1919, requiring subscription to will to be made in presence of attesting witness, that testator must at time of subscribing declare to attesting

witnesses that the instrument is his will, and that attesting witnesses must sign at testatrix's request.

3.  **Same—Testatrix's Knowledge of Will Through Interpreter, Her Assent in German, With Affirmative Nod, Whether a Declaration Re Will and Request of Attestation.**

     **Held, further,** that the evidence was sufficient to imply the statutory declaration that it was her will and a request to sign made to subscribing witnesses; it being sufficient if at the time she by word or conduct conveyed to them information that it was her will and that she desired them to attest it as witnesses.

     Whiting, J., dissenting.

Appeal from Circuit Court, Grant County. Hon FRANK ANDERSON, Judge.

Proceeding in probate court by Fred Hauer, Ernest Hauer, E. A. Micklau, Otillie Bihrle, and Rinhold Micklau, against Otto F. Hauer, to contest the will of Natalie Hauer, deceased. The county court having admitted the will to probate, contestants appealed from such judgment and order to the circuit court, from a judgment of which latter court affirming the judgment and order so appealed from, contestants appeal. Affirmed.

*Thad L. Fuller, J. M. Huff,* and *Howard G. Fuller,* for Appellants.

*Geo. S. Rix,* for Respondent.

(2) To point two of the opinion, Appellants cited: Hill v. Davis, (Okla.) 167 Pac. 465, L. R. A. 1918B, 687; 40 Cyc. 1100, 1101, 1117-18; Robbins v. Robbins, 26 Atl. 673; and submitted that: There was no attestation of this will as to McKenna; citing Kittleson's Estate (S. D.) 173 N. W. 161; and generally, under this point: Johnson v. Shafer (S. D.) 177 N. W. 678.

Respondent cited: In re Johnson's Estate (Cal.) 93 Pac. 1015; Brengle v. Rucker (N. J.) 80 Atl. 224; Thompson v. Owen, 174 Ill. 229, 45 L. R. A. 682; In re Taylor's Estate (S. D.) 165 N. W. 1079.

McCOY, J. [1] This is an appeal from a judgment of the circuit court of Grant county, affirming a judgment and order of the county court admitting to probate the will of one Natalie Hauer, deceased. The probate of said will was opposed, and contest interposed on the grounds, first, that said testatrix had not sufficient mental capacity to make a will; second, undue influence and fraud in securing her to execute said will; and, third, that

said will was not executed according to law. It appears that the testatrix executed said will on the 14th day of July, 1909, and died November 28, 1917, aged about 75 years. No evidence of fraud, undue influence, or incapacity to make a will appears from the record; while, on the other hand, the surrounding circumstances and evidence indicate that at the time of making said will said testatrix was of sound and disposing mind and memory, and that the making of said will was her free and voluntary act. It will serve no useful purpose to refer to or repeat the evidence in relation to these propositions.

[2] The important and substantial question presented by the record is whether or not the said will was executed in accordance with the provisions of our statute. The statute, so far as material to the facts of this case, provides that every will, other than a nuncupative will, must be in writing, subscribed at the end thereof by the testator himself, or some person, in his presence and by his direction, must subscribe his name thereto; that the subscription must be made in the presence of the attesting witnesses; that the testator must at the time of subscribing declare to the attesting witnesses that the instrument is his will; that there must be two attesting witnesses, each of whom must sign his name as witness at the end of the will, at the testator's request, and in his presence. Section 613, Code 1919.

In this case it appears that the testatrix was German, who could not speak or understand the English language. The will was drawn up and executed in the office of her attorney, who called the subscribing witnesses. After the will was prepared, one of the subscribing witnesses, one Mittelstaedt, who spoke both German and English, read over the instrument, and then read and interpreted the substance thereof in German to decedent, and then and there in German explained to her the disposing parts of said will, explaining to her what was in the instrument, and the manner in which she was disposing of her property, and that she then and there said in German that that was according to her wishes, and nodded her assent thereto, and she then and there signed and executed the instrument in the presence of both the subscribing witnesses. Thereafter Mittelstaedt signed the said instrument as a subscribing witness. Thereafter McKenna, then an employee in the office of the attorney who

drew the will, and who had previously read the will, and knew the contents thereof, and knew that it was intended as her will, and who saw and heard what took place between the subscribing witness, Mittelstaedt, and the testatrix, immediately before and at the time she executed the same, and who saw her nod her assent to what Mittelstaedt had apparently stated to her, and then saw her execute the will thereafter also executed and signed the said instrument as a second subscribing witness thereto. The subscribing witness McKenna could not speak or understand the German language. We are of the opinion that what took place at the execution of the will in question fully satisfied the provisions of the statute.

[3] It is contended by contestant that no declaration that it was her will and no request to sign was made to the subscribing witnesses by the testatrix. We are of the view, however, that the evidence was sufficient to imply such a declaration and request on her part. In the case of In re Johnson, 152 Cal. 778, 93 Pac. 1015, among other things, the court said:

"There was no very satisfactory evidence that at the time of its execution the deceased made an express declaration to the subscribing witnesses that the document executed was her will, or expressly requested them to attest it. But an express declaration and request are not absolutely necessary. It is sufficient if, at the time, she did, by words or conduct, convey to them the information that the instrument was her will, and that she desired them to attest it as witnesses."

In the case of Brengle v. Tucker, 114 Md. 597, 80 Atl. 224, among other things the court said:

"The statute requires that the testator shall request the subscribing witnesses to attest his will; but it is not necessary that he should in terms ask them to sign, as other facts may constitute a legal request on his part."

See Gross v. Burneston, 91 Md. 383, 46 Atl. 993; Craig v. Trotter, 252 Ill. 228, 96 N. E. 1003; 7 Words and Phrases, First Series, 6121.

Finding no error in the record, the judgment and order appealed from are affirmed.

WHITING, J. (dissenting.) I can find no evidence showing that Mittelstaedt ever read the whole will himself or translated

or attempted to translate any portion thereof to Natalie Hauer. All he claims to have done was to read a part of the will and then advise decedent as to what would be the effect of the provisions which purported to dispose of her property. He did not read the attestation clause. There is absolutely no evidence that, either by word or sign, testator asked either witness to sign the instrument as a witness. There is absolutely no evidence to support the statement in the majority opinion that the witness McKenna "saw her nod her assent to what Mittelstaedt had apparently stated to her." The only evidence as to her nodding to any one was the evidence of McKenna who swore that he did not "recall the conversation with Mrs. Hauer no more than the time I met her she spoke to me, nodded her head." While there is evidence that Mrs. Hauer desired to make a will, there is not one syllable of evidence that she knew the paper she signed that day was a will and not a deed—no one swears to having used the word "will" in her presence, or to her using any term showing she knew the nature of the instrument. To my mind, the decision herein should be controlled by our holdings in Ross v. Taylor, 39 S. D. 608, 165 N. W. 1079, wherein we held that the burden of proving due execution of a will was upon the proponent thereof; that when an attestation clause is not read by or to a subscribing witness, the recitations in such clause are without weight; that there must be something to show that testator knew the nature of the instrument she signed; and that there must be some declaration by testator to the subscribing witnesses (though not necessarily by word) conveying the information that the instrument is her will.