SCHIETINGER, Appellant, v. JACOBS, Respondent.

In re Johnson's Will.

(218 N. W. 881.)

(File No. 6231. Opinion filed April 10, 1928.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Brown & Brown,* of Canton, for Respondent.

MORIARTY, C.   Gunder Johnson died in Lincoln county, S. D., on the 5th day of June, 1923. On the 29th day of June, 1923, an instrument purporting to be the last will and testament of the said Gunder Johnson was filed and presented for probate in the county court of said Lincoln county. Ellen Schietinger, a daughter of the said Gunder Johnson, filed written objections to the probate of the instrument, presenting to the county court many

allegations as to the invalidity of the instrument. Among the grounds so presented was the allegation that the instrument had not been executed in the manner required by law for the execution of wills in this state. As this is the only allegation involved in this appeal, it will not be necessary to refer in this opinion to any other of the numerous grounds upon which the contestant relied in presenting her objections to the county court.

After due notice and hearing of the contest, the county court made findings and conclusions in favor of the proponent of the instrument, and entered judgment admitting the instrument as the valid last will and testament of Gunder Johnson, deceased.

From this judgment the contestant, Ellen Schietinger, appealed to the circuit court, and in the matter of said appeal counsel for the parties stipulated that the transcript of the evidence taken in the county court might be treated as the evidence to be considered in the trial in circuit court, and the appeal treated as upon questions of law alone.

After due presentation of the matter to the circuit court, that court made its judgment affirming the "findings of fact, conclusions of law, and judgment" of the county court, and remanding the case to the county court for further proceedings, as provided by section 3567, Revised Code of 1919.

From said judgment of the circuit court and from its order denying a new trial, the contestant, Ellen Schietinger, appeals.

In the argument of appellant's counsel all assignments of error are abandoned except that which presents the contention that the trial court erred in affirming the finding that the instrument presented for probate was executed in conformity to the laws of this state.

As to that matter, the findings of the county court, affirmed by the judgment of the circuit court, are as follows:

"That the said will and testament was signed and published by the said Gunder Johnson in the presence of the two subscribing witnesses thereto, and that said witnesses then were and now are competent.

"That after said Gunder Johnson had subscribed his name to said will and testament and had published the same, said witnesses then and there attested the same by subscribing their names thereto, stating their places of residence, in the presence of the said Gunder Johnson and in the presence of each other.

"That the said Gunder Johnson on October 10, 1922, acknowledged and fully published said instrument to be his last will and testament to said attesting witnesses and requested said witnesses to attest the same by affixing their respective signatures thereto."

These findings are certainly sufficient to support conclusions of law and judgment admitting the will to probate.

As to the sufficiency of the evidence to support the findings, no good purpose can be served by setting out the details of the evidence further than to say that the will, including the certificate of attestation, is regular in form, and the signatures of the testator and of the attesting witnesses are fully proved. The testimony as to the publication and attestation of the will shows a full compliance with the statutes.

This record is entirely different from that which was before this court in the case of the Taylor will, In re Taylor's Estate, 39 S. D. 608, 165 N. W. 1079, relied upon by appellant's counsel.

The evidence amply supports the findings and judgment of the trial court, and the judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.